IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **GARY TURNER and RENE NORTON,** ) | |
| ) | |
| Plaintiffs, ) | **CIV. NO.: 09-CV-41** |
| v. ) | |
| ) | |
| **HOVENSA, L.L.C. and WYATT V.I., INC.** ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**<u>Memorandum Opinion</u>**

Finch, Senior Judge

THIS MATTER is before the Court on the motion of defendant HOVENSA, L.L.C. ("HOVENSA") to compel arbitration of plaintiffs' personal injury claims and to stay the proceedings pending arbitration. Defendant Wyatt V.I., Inc. ("Wyatt") joins in the motion. Plaintiff Rene Norton ("Norton") opposes the motion on the ground that at the time of the injury alleged herein, Norton was not bound by any arbitration agreement with defendants. Plaintiff Gary Turner ("Turner") and Norton also both argue that the injury is not a matter referable to arbitration under the terms of the agreement. For the reasons stated herein, the Court finds defendants' argument persuasive. Accordingly, the motion to compel arbitration and stay the proceedings will be granted.

**I.     Facts**

On October 28, 2008, Rene Norton went to the HOVENSA refinery to take a physical exam as part of the employment application process with defendant Wyatt. (Compl. ¶ 9; Opp. at 4). After completing the medical testing, Norton was walking in the HOVENSA parking lot to

her truck when she felt a wet substance falling on her. (Compl. ¶10; Opp. at 4.) The wet substance turned out to be crude oil that had been released into the atmosphere from the HOVENSA refinery. (Compl. ¶ 10.) Turner, who was waiting to pick Norton up in the parking lot in Norton's truck, was also covered in the oily substance. (Id. at ¶ 7.) Both plaintiffs suffered physical injuries due to the contact with the oil. Norton's truck also was damaged. (Id. ¶¶ 14-15.) At the time of the incident, Turner was an employee of Wyatt and had signed a dispute resolution agreement ("DRA") with Wyatt in which he agreed to resolve personal injury claims arising at the HOVENSA refinery through arbitration. Norton, when she first applied for a position with Wyatt in August 2008 had also signed a DRA agreeing to the same terms. On July 9, 2009, plaintiffs filed a complaint in this Court alleging that the negligent conduct of Wyatt and HOVENSA caused the accidental release of oil and the resulting physical harm to plaintiffs and to Norton's truck. The defendants responded by asking the Court to compel arbitration according to the terms of the DRA.

## II. Standard of Review

Pursuant to the Federal Arbitration Act ("FAA"),

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

As the Third Circuit has recognized, the FAA establishes a "strong federal policy in favor of the resolution of disputes through arbitration." *Nino v. Jewelry Exchange, Inc*., 609 F.3d 191, 200 (3d Cir. 2010) (quoting *Puleo v. Chase Bank USA, N.A*, 605 F.3d 172, 178 (3d Cir.2010)).

"A party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration as well as an order compelling such arbitration." *Id*. (citing 9 U.S.C. §§ 3-4.)  Prior to granting such an order, the court applies the relevant state law of contracts to determine whether the parties entered a valid agreement to arbitrate.  *Parilla v. IAP Worldwide Services, VI, Inc.*, 368 F.3d 269, 276 (3d Cir. 2004) (citations omitted).  The court must also decide whether "the dispute at issue falls within the scope of that agreement." *Invista S.%22A.R.L. v. Rhodia, S.A.*,  625 F.3d 75, 84 (3d Cir. 2010).  "Because an arbitrator's authority derives solely from the parties' agreement to submit their disputes to arbitration, a party cannot be compelled to submit a dispute to arbitration unless it has agreed to do so." *Id*. (quoting *Century Indemnity Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523-24 (3d Cir.2009)).  "A district court decides a motion to compel arbitration under the same standard it applies to a motion for summary judgment."  *Kaneff v. Delaware Title Loans, Inc*., 587 F.3d 616, 620 (3d Cir. 2009) (citing *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd*., 636 F.2d 51, 54 (3d Cir.1980)). Accordingly, "[t]he party opposing arbitration is given the benefit of all reasonable doubts and inferences that may arise." *Id*. (citations omitted).

### III.   Analysis

#### A.  The validity of the DRA

Plaintiffs each signed a DRA which provides in pertinent part:

I recognize that differences may arise between Wyatt and me in relation to my application for employment and possible subsequent employment.  In the event that Wyatt offers me employment, I understand that the terms and conditions of my employment will be governed by the provisions of the Collective Bargaining Agreement ("CBA") that is now or may later be in place between Wyatt and The United Steelworkers of America ("USWA") and that nothing in this agreement is intended to interfere with or alter any future representation or relationship between me and the USWA.  Regardless of whether Wyatt offers me employment, both Wyatt and I agree to **resolve any and all claims, disputes or controversies arising out of or relating to**: (1) my application or candidacy for employment; (2) an alleged wrongful decision not to hire

me; (3) any statutory claims for discrimination or harassment on the basis of age, sex, race, color, religion, disability, or national origin under [] any state federal, or territorial law that are pursued outside of the grievance and arbitration provisions of the CBA; and (4) **any claims for personal injury or property damage arising in any way from my presence at the HOVENSA refinery that are not covered by the CBA**; exclusively by final and binding arbitration before a neutral arbitrator pursuant to the American Arbitration Association's ("AAA") National Rules for the Resolution of Employment Disputes ["National Rules"], a copy of which is available at www.adr.org or from Wyatt. This agreement extends to such disputes with or claims against Wyatt, HOVENSA, LLC, other contractors or subcontractors employed at the HOVENSA refinery, and any of their related or affiliated companies, entities, employees or individuals (as intended third party beneficiaries to this agreement.)[1]

(Def. Exs. A & B) (emphasis added.)

Norton contends that she is not bound by the terms of the DRA because it expired after Wyatt failed to hire her for the position she applied for in August of 2008. However, Norton offers no evidence that the DRA had expired "by its own terms" when she was at the HOVENSA refinery on October 28, 2008 in relation to another employment prospect. As the DRA states, "[r]egardless of whether Wyatt offers [Norton] employment," the parties agree to "resolve any and all claims, disputes or controversies arising out of or relating to . . . any claims for personal injury or property damage arising in any way from [Norton's] presence at the HOVENSA refinery."

The Court addressed a similar issue in *Belgrave v. Wyatt*, Civ. No. 2007-84 (D.V.I. Mar. 1, 2010), in which the plaintiff argued that he was not bound by the DRA he had signed because it pertained to an earlier period of his employment and not to the decision to rehire him at a later date. The Court concluded that because the terms of the DRA did not indicate that the agreement to arbitrate hiring disputes would terminate following a lay-off or leave of absence, the plaintiff continued to be bound by those terms when Wyatt offered him employment after a lay-off. This reasoning was also applied by the Court in *Featherling v. HOVENSA L.L.C.*, 2009 WL

---

[1] The DRA signed by Turner is dated May 2, 2008; the DRA signed by Norton is dated August 12, 2008.

497664 (D.V.I. Feb. 26, 2009) and *Breedlove v. HOVENSA, LLC*, Civ. No. 2007-28 (D.V.I. July 24, 2008). In *Featherling*, this Court held that the arbitration provisions of the employment agreement were applicable to the employee who had been laid off and then rehired. In *Breedlove*, the Court held that the agreement to arbitrate was enforceable notwithstanding plaintiff's resignation and rehire, noting that there were "no terms that explicitly or implicitly indicate that the [DRA] would cease to apply" upon the plaintiff's resignation, and that the parties had not "enter[ed] into any subsequent agreement, revoking or modifying the terms of the [DRA]."[2] *C.F., Nolde Bros., Inc. v. Local No. 358, Bakery and Confectionery Workers Union, AFL-CIO*, 430 U.S. 243, 255, (1977) ("where the dispute is over a provision of the expired agreement, the presumptions favoring arbitrability must be negated expressly or by clear implication"). The Court, applying the reasoning in the above-cited cases must reject Norton's argument that the DRA has expired.

### B. The scope of the DRA

Plaintiffs contend that their claim does not fall within the scope of the DRA because they were not at the HOVENSA refinery at the time they were injured. They claim they were not within the highly-secured premises of the refinery but merely in a parking lot open to the public. However, HOVENSA asserts that the Gate 2 parking lot where plaintiffs were located when sprayed with the crude oil is owned, operated and maintained by HOVENSA. (Reply, Def. Ex.

---

[2] In support of her argument that the DRA is inapplicable, plaintiff states that "[i]t is a well-settled principle that "the presumption in favor of arbitrability does not apply 'wholesale' in the context of expired agreements," citing *The Basketball Marketing Co., Inc. v. Urbanworks Entertainment*, 2004 WL 2590506, at *6 (E.D. Pa. 2004). *Basketball Marketing* can be distinguished from the instant matter because it concerned the applicability of an arbitration agreement where the 18-month contract entered into by the parties had expired. *Id*. at *1. The cases cited by *Basketball Marketing*, in particular *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 208 (1991) and *Nibbs v. Felix*, 726 F.2d 102, 104 (3d Cir.1984), dealt with the post-termination grievances involving expired collective bargaining agreements. In those cases, the agreement had a definite expiration date, which is not a fact alleged by plaintiff here. The Eastern District of Pennsylvania court cited *Litton* for its proposition that held that "only post-termination grievances "arising under the contract" are subject to arbitration." *Id*. at *4 (citing *Litton*, 501 U.S. at 205).

B.)   The Court finds that in this case, where plaintiffs were in a parking lot owned, operated and maintained by HOVENSA in the area adjacent to the enclosed structures of the refinery, it cannot be said "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc.*, 247 F.3d 44, 55 (3d Cir. 2001) (quoting *United Steelworkers v. Warrior*, 363 U.S. 574, 582-83 (1960) (order of arbitration should not be denied unless arbitration clause is not susceptible of an interpretation that covers asserted dispute). Accordingly, the Court finds that the issue is referable to arbitration.

### IV.   Conclusion

For the foregoing reasons, the Court has determined that the plaintiffs Turner and Norton have agreed to arbitrate the personal injury claims asserted in their complaint with the defendants HOVENSA and Wyatt.  Accordingly, an order compelling arbitration and staying these proceedings will forthwith be entered.

Dated: April 26, 2010

_____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE